JOSEPH KOVIACS, PLAINTIFF, v. EDISON PORTLAND CEMENT COMPANY, DEFENDANT.

Submitted February 5, 1925—Decided April 10, 1925.

**Negligence—Injury to Employe Through Alleged Failure to Provide Medical Assistance to Cure Him of His Illness Caused by His Employment—In Absence of Contract, No Duty Rests on Employer to Provide Means for Curing Ills of Deceased Employes, Though Such Illness Arose From the Employer's Negligence.**

On motion to strike out complaint.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the motion, *McCarter & English* (*Robert H. McCarter,* on the brief).

*Contra, William C. Gebhardt & Son* (*W. Reading Gebhardt,* on the brief).

PER CURIAM.

This is defendant's motion to strike out plaintiff's complaint, or, in the alternative, to strike out paragraph 10 thereof.

The facts alleged in the complaint, material to this motion, are, in effect, as follows: That the defendant was, on certain days, engaged in the business of manufacturing cement, and, in connection with such business, operated a quarry; that the plaintiff was employed by defendant as a helper in such quarry; that, due to the negligence of the defendant, the pumps in the quarry did not function, as a result of which the shaft where the plaintiff was directed to work became filled with water to a depth of from one to two feet; that the water was of a character dangerous to health, and that as a result of working in it on the days in question, plaintiff be-

came ill, and one of his legs became diseased so that an amputation was necessary.

The gravamen of the action thus alleged is the careless and negligent failure of the defendant "to provide the plaintiff with a reasonably safe place in which to perform his work," and "to provide the said plaintiff with reasonably safe tools, appliances, apparatus, machinery, boots or other clothing, ways and means with which to perform the said work."

Paragraph 10 of the complaint alleges that "although the defendant was then and there well aware of the sick and diseased condition of the plaintiff, the defendant then and there carelessly and negligently failed to provide the plaintiff with any medical assistance or other means of being cured."

We think paragraph 10 must be stricken out.

In a common law action for negligence such as this, although an employer must answer to an employe in damages for all loss proximately resulting, including physicians' and surgeons' charges, yet, in the absence of contract, there is no duty on the part of an employer to provide medical assistance or other means of being cured to an ill and diseased employe, even though the illness or disease arose from the negligence of the employer. 18 R. C. L. 506; 26 Cyc. 1049, and cases there collected.

The complaint as amended, by striking out paragraph 10 thereof, may stand.